**CORCEPT THERAPEUTICS, INC.; Joseph K. Belanoff, an individual; Alan F. Schatzberg, an individual, Plaintiffs—Appellees,**

v.

**Anthony ROTHSCHILD, an individual, Defendant—Appellant.**

**No. 08–15967.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2009.

Filed July 31, 2009.

790

Christine S. Watson, Stuart C. Clark, Carr & Ferrell LLP, Palo Alto, CA, for Plaintiffs–Appellees.

Robert A. Bleicher, Esquire, Holland & Knight, LLP, San Francisco, CA, Shelley G. Hurwitz, Esquire, Holland & Knight, LLP, Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, TASHIMA and BEA, Circuit Judges.

### MEMORANDUM *

Plaintiffs Corcept Therapeutics and its founders, Alan Schatzberg and Joseph Belanoff, brought suit in 2005 in California state court for defamation, intentional infliction of emotional distress, and interference with prospective business relations. Defendant Anthony Rothschild removed the suit to federal court and filed a special motion to strike the plaintiffs' complaint pursuant to California's anti-SLAPP (Strategic Lawsuits Against Public Participation) statute, which provides defendants in California with protection against meritless suits brought in order to chill their First Amendment rights. Cal.Civ.Proc.

Code § 425.16. This is an appeal from the district court's denial of Rothschild's anti-SLAPP motion. All the issues before us arise under California law.

The defamation portion of the plaintiffs' complaint alleged that Rothschild made defamatory postings on Yahoo message boards regarding Corcept, its founders, and its principal product, a drug named Corlux. The plaintiffs' remaining claims arose from the Yahoo postings as well as a series of harassing phone calls allegedly made by Rothschild. We conclude that the district court correctly denied Rothschild's anti-SLAPP motion and affirm with respect to all claims.

The district court's denial of Rothschild's anti-SLAPP motion is immediately appealable. *Zamani v. Carnes,* 491 F.3d 990, 994 (9th Cir.2007); *Batzel v. Smith,* 333 F.3d 1018, 1024 (9th Cir.2003). We review the denial of the motion de novo. *Zamani,* 491 F.3d at 994; *see also Plumley v. Mockett,* 164 Cal.App.4th 1031, 79 Cal.Rptr.3d 822, 834 (Cal.Ct.App.2008).

As a preliminary matter, the record contains a great deal of investigative material establishing the link between Rothschild and the Yahoo postings criticizing Corcept's corporate operations and the efficacy of its drug Corlux. Before Rothschild filed his anti-SLAPP motion, the plaintiffs obtained substantial discovery materials, including Rothschild's telephone records and travel schedules, and were able to conduct an extensive IP address analysis connecting Rothschild to the locations from which each of the postings were made.

To prevail on an anti-SLAPP motion, Rothschild must make a threshold showing that the plaintiffs' cause of action arises

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from Rothschild's "protected activity." *Vargas v. City of Salinas*, 46 Cal.4th 1, 14, 92 Cal.Rptr.3d 286, 205 P.3d 207 (2009). If Rothschild makes the threshold showing that his statements were protected under the anti-SLAPP statute, then the burden shifts to the plaintiffs to make a prima facie showing they are likely to prevail on their claims. *Id.*

Rothschild met his burden of showing that the plaintiffs' suit, in part, arises from his protected activity. *See* Cal.Civ.Proc. Code § 425.16(e)(3). The plaintiffs do not dispute that Rothschild's Yahoo postings were made in a public forum. Although the district court did not clearly rule on the question of whether the postings pertained to an issue of public interest, the record makes it apparent that they did.

Because Schatzberg and Belanoff are public figures, for the plaintiffs to show a probability of prevailing on their defamation claim, the plaintiffs must demonstrate that Rothschild made the Yahoo postings with actual malice. *Reader's Digest Ass'n v. Superior Court*, 37 Cal.3d 244, 208 Cal. Rptr. 137, 690 P.2d 610, 615 (1984). We agree with the district court that the plaintiffs have shown a probability they will be able to prove at trial that several of the statements in Rothschild's Yahoo postings were made with knowledge of or a reckless disregard for the falsity of the statements. An example is the October 28, 2005 posting, where Rothschild suggested that several deaths were related to the drug Corlux and that a rival drug was better. Plaintiffs assert that Rothschild himself ran the clinical trial at which the deaths occurred, and therefore knew that none of the deaths resulted directly from ingestion of Corlux.

The district court's denial of Rothschild's anti-SLAPP motion is AFFIRMED and the case REMANDED to the district court for further proceedings.

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's disposition, except insofar as it fails to distinguish between those portions of the district court's ruling which are subject to interlocutory appeal under *Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir.2007), and *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir.2003), and those portions which are not. As the majority disposition indicates, "Plaintiffs' remaining claims," *i.e.*, the non-defamation portion, "arose from the Yahoo postings as well as a series of harassing phone calls allegedly made by Rothschild." These include claims for the intentional infliction of emotional distress and for the interference with prospective business relations.

As an example of this harassing-type of activity, plaintiff Alan Schatzberg traveled to Dallas to deliver a lecture at the University of Texas. When Schatzberg called the university on landing, he discovered that someone claiming to be him had called the university and cancelled his lecture, his airport pickup, and his hotel reservation. Rothschild's telephone records show that he had called the University of Texas ten days before the scheduled lecture. These, of course, are not defamation-type claims, nor "claims whose gravamen is the alleged injurious falsehood of a statement...." *Gilbert v. Sykes*, 147 Cal.App.4th 13, 53 Cal.Rptr.3d 752, 769 (Ct.App.2007). As such, they are not covered by California's anti-SLAPP statute and, thus not subject to the anti-SLAPP statute's expedited dismissal and appeal procedures.

It is, to say the least, mischievous to permit such clearly non-SLAPP orders to be interlocutorily appealed. Sanctioning such an appeal is contrary to the Supreme Court's recent admonition in *Will v. Hallock*, 546 U.S. 345, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006), that collaterally appealable orders should be limited to a

"small class" and "kept [ ] narrow and selective in its membership." *Id.* at 350, 126 S.Ct. 952. We must not forget that the purpose behind permitting a collateral appeal "is not mere avoidance of a trial, but the avoidance of a trial that would imperil a substantial public interest...." *Id.* at 353, 126 S.Ct. 952. Because the purpose of permitting interlocutory appeal under the collateral order doctrine is not served by permitting appeal of the non-defamation claims, I respectfully dissent from the majority's exercising appellate jurisdiction over and reviewing Rothschild's appeal of the district court's order refusing to dismiss his non-SLAPP claims on the merits.